Johnson, J., dissenting:
I dissent from the majority's conclusion that a grandmother, who has had custody of her grandchild from a tender age pursuant to both a co-parenting agreement with the child's sole-surviving biological parent and an order from a district court, does not have standing to participate in a stepparent adoption proceeding. While the majority disposes of the case by attacking the lawyering skills of Grandmother's attorney, I submit that we know enough from the record to discern that Grandmother has a legitimate claim to being an interested person in these proceedings. Accordingly, we should reverse the district court's summary dismissal of the grandmother from the proceedings and order it to conduct an evidentiary hearing as to her status, so that it can acquire all of the relevant evidence it should have to fairly and justly rule on the adoption petition. Additionally, I would not reject Grandmother's new arguments in support of her standing on procedural grounds unrelated to standing. See Mid-Continent Specialists, Inc. v. Capital Homes , 279 Kan. 178, Syl. ¶ 2, 106 P.3d 483 (2005) ("Standing is a jurisdictional issue. An objection based on lack of subject matter jurisdiction may be raised at any time, whether it be for the first time on appeal or even upon the appellate court's own motion.").
Moreover, one might discern some gamesmanship by the biological mother, using a stepparent adoption proceeding to circumvent the best-interests-of-the-child rulings by another district judge in an open case. I would not reward that tactic, at the possible expense of the child's physical, psychological, and emotional well-being. This really should not be about the adults' wants and needs.
I also think it is important to clarify whose custody is in play in the proceedings that are before us now. The Court of Appeals **943 made the declaration: "[E]ven if the record had fully supported Grandmother's claim that her status as a joint legal custodian of the child generally gives her the right to make decisions in the best interests of the child, that right must yield to the conflicting right of the fit Mother." In re Adoption of T.M.M.H. , No. 115,309, 2016 WL 7032112, at *8 (Kan. App. 2016) (unpublished). But, here, a stepfather is seeking to become a legal parent of T.M.M.H.; and the grandmother wants to challenge that addition of another legal parent for the child. The biological mother's custody is not in issue in the adoption proceeding; and the grandmother's entry of appearance in the adoption proceeding cannot take away Mother's custody, it can only affect Stepfather's legal status. Viewed in the light most favorable to the biological mother, what we have here is a fight between third persons, a nonadoptive grandmother versus a nonadoptive stepfather. Yet, the majority apparently embraces the panel's reliance on the parental preference doctrine by declaring that Grandmother failed in her burden to establish standing in part because her "verified statements do not assert that Mother voluntarily and knowingly waived her parental preference." op. at 1009. Again, Grandmother seeks standing to challenge the stepfather's potential acquisition of parental rights; she does not seek standing to change Mother's existing parental rights.
Likewise, the custody disputes in Frazier v. Goudschaal , 296 Kan. 730, 295 P.3d 542 (2013), and In re Marriage of Nelson , 34 Kan. App. 2d 879, 125 P.3d 1081 (2006), both involved a biological mother asserting custodial rights against a nonbiological, nonadoptive person. And again, here, Mother is not asserting her custodial rights, but rather she is advocating for the potential parental rights of her husband. In short, allowing a legal-custodian-grandmother to participate in a stepparent adoption case does no harm to the constitutional rights of the mother.
Pointedly, Stepfather's response to grandmother's petition for review does not ask this court to reverse the decision in Frazier . To the contrary, Stepfather insists that "[t]he situation in this appeal is in no way comparable to Frazier , for so many reasons." Consequently, *1024 we do not have the benefit of briefing on the efficacy of Frazier 's holdings, because Stepfather says they simply do not **944 apply to his case. Likewise, the parties have been deprived of an opportunity to be heard on the question of why this court should jettison the doctrine of stare decisis-especially in light of legislative inaction in the five years since Frazier -simply because the composition of the court has changed.
Nevertheless, the author of the concurrence uses this case as a vehicle to vent his displeasure with the decision in Frazier . That is certainly his right. But what concerns me is that concurring with the majority appears to be the excuse for pontificating on Frazier , when it was not challenged by the parties. And the result of that ploy is that the concurrence is casting the deciding vote that will likely sever the child's relationship with his grandmother. In the vernacular of the concurrence: "Poor Thomas."
In Frazier , we related the information contained in the amicus curiae brief of the National Association of Social Workers that "the formation of attachment bonds is critical to a child's healthy development; ... attachment relationships develop despite the absence of a biological or legal connection between parent and child; ... and ... children experience severe emotional and psychological harm when their attachment relationships are severed." 296 Kan. at 743, 295 P.3d 542. Grandmother's petition for review recites as a fact that the then 10-year-old T.M.M.H. had lived with her for the child's entire life, except for 60 days in 2008. Certainly, that raises the distinct likelihood that attachment bonds, critical to T.M.M.H.'s healthy development, had been formed with his grandmother, the termination of which might cause the child to experience severe emotional and psychological harm. Accordingly, I would allow Grandmother to make her case for being an interested person in the adoption proceedings.
Beier, J., joins in the foregoing dissenting opinion.